IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| ANTONIO PRICE, Individually, LAUREN PRICE, Individually and as Mother and Next Friend of MINOR E.P. (DOB: 5/29/2016) and MINOR E.P. (DOB: 4/6/2018), KEVIN WHITAKER, Individually, ASHTYN WHITAKER, Individually and as Mother and Next Friend of MINOR A.L. (DOB: 11/20/2020), DANETTE LEWIS WILLIAMS, Individually, SYDNEY M. LEWIS, as Mother and Next Friend of MINOR J.S.B. (DOB: 3/27/2012), A.M.B. (DOB: 6/28/2015), and N.Q.L. (DOB: 8/1/2018), ALEISHA MARSHALL, Individually and as Mother and Next Friend of MINOR J.M. (DOB: 4/26/2015), ANGELICA WELLS, Individually and as Mother and Next Friend of MINOR U.W. (DOB: 1/20/2015), and STEPHANIE PRICE, Individually, | ) |
| Plaintiffs, | ) |
| -vs- | ) |
| SUN COUNTRY AIRLINES, and JEAN RIEGELMAN, | ) |
| Defendants, | ) |

<u>COMPLAINT AT LAW</u>

NOW COMES Plaintiffs LAUREN PRICE, Individually; ANTONIO PRICE, Individually; LAUREN PRICE as Mother and Next Friend of MINOR E.P. (DOB: 5/29/2016); LAUREN PRICE as Mother and Next Friend of MINOR E.P. (DOB: 4/6/2018); KEVIN WHITAKER, Individually; ASHTYN

WHITAKER, Individually; ASHTYN WHITAKER as Mother and Next Friend of MINOR A.L. (DOB: 11/20/2020); DANETTE LEWIS WILLIAMS, Individually ; SYDNEY M. LEWIS as Mother and Next Friend of MINOR J.S.B. (DOB: 3/27/2012); SYDNEY M. LEWIS as Mother and Next Friend of MINOR A.M.B. (DOB: 6/28/2015); SYDNEY M. LEWIS as Mother and Next Friend of MINOR N.Q.L. (DOB: 8/1/2018); ALEISHA MARSHALL, Individually ; ALEISHA MARSHALL as Mother and Next Friend of MINOR J.M. (DOB: 4/26/2015); ANGELICA WELLS, Individually; ANGELICA WELLS as Mother and Next Friend of MINOR U.W. (DOB: 1/20/2015); and STEPHANIE PRICE, Individually , by and through their attorneys, Keenan J. Saulter[1], of Saulter Law, P.C., Richard L. Gilman and Kasey L. Edwards of Gilman & Edwards, for their Complaint against Defendants SUN COUNTRY AIRLINES and JEAN RIEGELMAN, state as follows:

## JURISDICTIONAL STATEMENT

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 because Plaintiffs assert claims arising under 42 U.S.C. §1981, which guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens.

2. This Court also has supplemental jurisdiction over Plaintiffs' claims arising under Maryland law pursuant to 28 U.S.C. § 1367, because those

[1] District of Maryland Application Pending.

claims arise from the same transactions, occurrences, and conduct that give rise to Plaintiffs' federal claims.

3. Plaintiffs' claims arise from Defendants' discriminatory treatment of Plaintiffs during and in connection with interstate air transportation aboard Sun Country Airlines Flight 193 from Baltimore/Washington International Thurgood Marshall Airport ("BWI") to Minneapolis-Saint Paul International Airport and the return flight to BWI.

## VENUE

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the District of Maryland, including at Baltimore/Washington International Thurgood Marshall Airport ("BWI") in Anne Arundel County, Maryland.

5. Venue is further proper because Plaintiffs reside within this District and Defendants conduct substantial business within this District.

6. Venue is independently proper under 28 U.S.C. § 1391(b)(1) because Defendant Sun Country Airlines is subject to personal jurisdiction with respect to this action in the District of Maryland, and therefore "resides" in this District within the meaning of 28 U.S.C. § 1391(c)(2), by virtue of its regularly scheduled commercial air service to and from BWI and its ongoing solicitation and sale of tickets to Maryland residents, including Plaintiffs.

7. The contractual relationship at issue in this action was formed in, and the interstate air transportation purchased by Plaintiffs originated from and

was scheduled to terminate at, this District, in that the round-trip itinerary at issue was booked from Maryland and Flight 193 was scheduled to return Plaintiffs to BWI in Anne Arundel County, Maryland.

8. Defendant Sun Country Airlines purposefully avails itself of the privilege of conducting business in Maryland by operating regularly scheduled commercial flights to and from BWI and marketing and selling air transportation to Maryland residents, and Plaintiffs' claims arise directly out of that Maryland-connected business, such that the exercise of personal jurisdiction over Defendant Sun Country Airlines in this District comports with due process.

9. The majority of Plaintiffs, including Lauren Price, Antonio Price, Kevin Whitaker, Ashtyn Whitaker, Sydney M. Lewis, and Stephanie Price, are residents of the State of Maryland, and the injuries and damages alleged herein, including economic losses, emotional distress, and disruption of Plaintiffs' return home, were suffered by Plaintiffs within this District.

## PARTIES

10. Plaintiff LAUREN PRICE is an adult resident of the State of Maryland and was a passenger on Sun Country Airlines Flight 193 at issue in this action.

11. Plaintiff ANTONIO PRICE is an adult resident of the State of Maryland and was a member of the traveling party associated with Sun Country Airlines Flight 193.

12. Plaintiff E.P., whose date of birth is May 29, 2016, appears in this action through LAUREN PRICE as Mother and Next Friend of MINOR E.P.

13. Plaintiff E.P., whose date of birth is April 6, 2018, appears in this action through LAUREN PRICE as Mother and Next Friend of MINOR E.P.

14. Plaintiff KEVIN WHITAKER is an adult resident of the State of Maryland and was a passenger on Sun Country Airlines Flight 193 at issue in this action.

15. Plaintiff ASHTYN WHITAKER is an adult resident of the State of Maryland and was a passenger associated with the traveling party on Sun Country Airlines Flight 193.

16. Plaintiff A.L., whose date of birth is November 20, 2020, appears in this action through ASHTYN WHITAKER as Mother and Next Friend of MINOR A.L.

17. Plaintiff DANETTE LEWIS WILLIAMS is an adult resident of North Carolina and was a passenger associated with the traveling party on Sun Country Airlines Flight 193.

18. Plaintiff SYDNEY M. LEWIS appears in this action as Mother and Next Friend of MINOR J.S.B., MINOR A.M.B., and MINOR N.Q.L.

19. Plaintiff J.S.B., whose date of birth is March 27, 2012, appears in this action through SYDNEY M. LEWIS as Mother and Next Friend of MINOR J.S.B.

20. Plaintiff A.M.B., whose date of birth is June 28, 2015, appears in this action through SYDNEY M. LEWIS as Mother and Next Friend of MINOR A.M.B.

21. Plaintiff N.Q.L., whose date of birth is August 1, 2018, appears in this action through SYDNEY M. LEWIS as Mother and Next Friend of MINOR N.Q.L.

22. Plaintiff ALEISHA MARSHALL is an adult resident of North Carolina and was a passenger associated with the traveling party on Sun Country Airlines Flight 193.

23. Plaintiff J.M., whose date of birth is April 26, 2015, appears in this action through ALEISHA MARSHALL as Mother and Next Friend of MINOR J.M.

24. Plaintiff ANGELICA WELLS is an adult resident of North Carolina and was a passenger associated with the traveling party on Sun Country Airlines Flight 193.

25. Plaintiff U.W., whose date of birth is January 20, 2015, appears in this action through ANGELICA WELLS as Mother and Next Friend of MINOR U.W.

26. Plaintiff STEPHANIE PRICE is an adult resident of the State of Maryland and was a passenger associated with the traveling party on Sun Country Airlines Flight 193.

27. Defendant SUN COUNTRY AIRLINES is an air carrier that provides interstate air transportation services to passengers, including

transportation to and from Baltimore/Washington International Thurgood Marshall Airport ("BWI") in Maryland. Sun Country Airlines is subject to federal laws governing nondiscrimination in air transportation, including 42 U.S.C. § 1981.

28. Defendant JEAN RIEGELMAN was, upon information and belief, a flight attendant employed by or acting as an agent and/or representative of Sun Country Airlines and was acting within the scope of her employment and/or agency at all relevant times.

## COMMON FACTUAL ALLEGATIONS

29. On or about August 3, 2026, Plaintiffs and members of their families were scheduled passengers aboard Sun Country Airlines Flight 193 traveling from Minneapolis-Saint Paul International Airport ("MSP") to Baltimore/Washington International Airport ("BWI").

30. Plaintiffs are African-American.

31. Plaintiffs had purchased tickets and entered into a contractual relationship with Sun Country Airlines for interstate transportation.

32. Plaintiffs were entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of that contractual relationship.

33. Plaintiffs had traveled to Minnesota to participate in the Junior Olympics girls' flag football tournament.

34. Plaintiff Lauren Price is the founder and coach of a youth girls' flag football program and coordinated group travel arrangements for approximately nineteen (19) individuals.

35. Plaintiffs and the MINOR children traveling with them were returning home to Maryland following completion of the tournament.

36. Two members of the travel group ultimately did not make the trip to Minnesota and therefore did not occupy the seats assigned to them on the return flight.

37. During the outbound flight from Maryland to Minnesota, Sun Country personnel permitted members of Plaintiffs' group to utilize those otherwise vacant seats so that children could sit together with family members and teammates.

38. Plaintiffs reasonably understood that the seats assigned to the absent travelers would remain unoccupied during the return flight.

39. As boarding for Flight 193 was nearing completion, Defendant Jean Riegelman approached the rear portion of the aircraft.

40. At that time, Lauren Price was seated in an otherwise vacant seat assigned to a member of her reservation group who had not traveled on the trip.

41. The seat occupied by Lauren Price was located only approximately one row away from her assigned seat.

42. Defendant Riegelman began addressing Plaintiffs and members of their travel group in an aggressive, hostile, and confrontational manner.

43. Defendant Riegelman stated words to the effect of, "You people are in the wrong seats."

44. Plaintiffs reasonably understood the repeated use of the phrase "you people" to be demeaning, racially charged, and directed toward them because they are African-American.

45. Multiple members of the traveling group independently reported hearing Defendant Riegelman use the phrase "you people" during the incident.

46. Defendant Riegelman further stated words to the effect of, "If you people would learn to sit in your seats, we would be able to push back," and accused Plaintiffs of delaying the departure of approximately 186 passengers.

47. Lauren Price immediately stood and began returning to her assigned seat.

48. Lauren Price advised Defendant Riegelman that she had heard the instruction the first time and that there was no need to address her in such a disrespectful manner.

49. Defendant Riegelman responded by stating words to the effect that she could say whatever she wanted and could say it as many times as she wished.

50. During the encounter, Lauren Price spoke with another Sun Country flight attendant identified as "Sheila."

51. Sheila acknowledged that Defendant Riegelman's tone and manner of speaking were inappropriate.

52. Sheila apologized to Lauren Price for Defendant Riegelman's conduct.

53. Sheila further explained that Defendant Riegelman had recently been designated the lead flight attendant for the flight, was upset, and was under stress.

54. Lauren Price responded that Defendant Riegelman's personal frustrations did not justify the manner in which she was treating passengers.

55. Despite Lauren Price's compliance, Defendant Riegelman continued berating and confronting her.

56. Plaintiff Kevin Whitaker observed the interaction.

57. Concerned by Defendant Riegelman's treatment of Lauren Price, Kevin Whitaker instructed Defendant Riegelman not to speak to Lauren Price in such a disrespectful manner.

58. Defendant Riegelman responded that she could speak to Plaintiffs however she wanted.

59. Defendant Riegelman then announced that she was removing two people from the aircraft.

60. Defendant Riegelman identified Lauren Price and Kevin Whitaker as the passengers she intended to remove.

61. At approximately the same time, Sheila reassured Lauren Price that she had done nothing wrong and instructed her to return to her assigned seat.

62. Shortly thereafter, Sun Country personnel and/or airport security personnel boarded the aircraft.

63. Lauren Price and Kevin Whitaker were advised that they had less than one minute to leave the aircraft or law enforcement would be summoned.

64. Lauren Price and Kevin Whitaker complied.

65. Plaintiffs had not threatened anyone.

66. Plaintiffs had not engaged in violence.

67. Plaintiffs were nevertheless removed from the aircraft.

68. After their removal, Plaintiffs Lauren Price and Kevin Whitaker attempted to obtain alternative transportation home.

69. Sun Country personnel informed Plaintiffs that the next available Sun Country flight was not scheduled to depart until several days later.

70. Plaintiffs were forced to purchase alternative transportation at their own expense.

71. Lauren Price incurred approximately Five Hundred Dollars ($500.00) in replacement airfare costs.

72. Kevin Whitaker incurred approximately Five Hundred Dollars ($500.00) in replacement airfare costs.

73. Immediately following the incident, Lauren Price submitted a formal complaint to Sun Country Airlines.

74. Numerous MINOR children witnessed the confrontation.

75. Several MINOR children observed Lauren Price and Kevin Whitaker being removed.

76. The children became upset, frightened, and emotional.

77. One child experienced what family members described as a panic attack.

78. Other children cried and became distressed.

79. Two flight attendants were reportedly so concerned about the children that they purchased snack packs using their own personal funds.

80. Plaintiff Ashtyn Whitaker remained aboard the aircraft following the removal of Lauren Price and Kevin Whitaker.

81. After witnessing the incident, Ashtyn Whitaker attempted to photograph Defendant Riegelman in order to document the identity of the flight attendant involved.

82. Ashtyn Whitaker held a cellular telephone in her hand while attempting to obtain the photograph.

83. Defendant Riegelman intentionally lunged toward and attempted to strike the cellular telephone from Ashtyn Whitaker's hand.

84. In doing so, Defendant Riegelman made physical contact with Ashtyn Whitaker's hand and arm.

85. The physical contact was intentional, offensive, and without consent.

86. The encounter was captured on video.

87. Ashtyn Whitaker subsequently provided the video to law-enforcement authorities.

88. Law-enforcement authorities reviewed the video evidence.

89. As a direct and proximate result of Defendant Riegelman's actions, Ashtyn Whitaker suffered fear, humiliation, embarrassment, emotional distress, and other damages.

90. Sun Country assigned Complaint Number 00154322 to Lauren Price's complaint.

91. Lauren Price also submitted a complaint to the United States Department of Transportation, which was assigned Case Number 2026081452775.

92. Plaintiff Ashtyn Whitaker likewise submitted a complaint to Sun Country Airlines, which was assigned Complaint Number 00154387.

93. Ashtyn Whitaker also submitted a complaint to the United States Department of Transportation, which was assigned Case Number 01452765.

94. Plaintiff Danette Lewis Williams submitted a separate complaint to Sun Country Airlines concerning the events aboard Flight 193 and was assigned Complaint Number 00154312.

95. Ashtyn Whitaker reported Defendant Riegelman's physical conduct to law enforcement authorities.

96. The incident was investigated by the Maryland Transportation Authority Police under Case Number 26B000481.

97. Following the incident, Lauren Price publicly described the events on social media.

98. Lauren Price's posts generated substantial public attention and received millions of views and impressions.

99. As a result of the publicity, Plaintiffs were contacted by numerous individuals claiming to have witnessed or experienced similar conduct involving Defendant Riegelman and/or Sun Country personnel.

100. Upon information and belief, additional witnesses possess information relevant to the events alleged herein.

101. Following widespread public attention concerning the incident, a representative of Sun Country Airlines contacted Lauren Price.

102. The representative identified himself as Kyle and stated that Sun Country was conducting an investigation concerning the incident.

103. The representative apologized to Lauren Price and advised that Sun Country had initiated a review of the events surrounding Flight 193.

104. Upon information and belief, Sun Country's investigation was initiated only after the incident gained substantial public attention.

105. Plaintiffs contend that Defendants' conduct was intentional, reckless, willful, wanton, and undertaken with conscious disregard for Plaintiffs' rights, dignity, and emotional well-being.

106. The MINOR Plaintiffs, including MINOR E.P. (DOB: May 29, 2016) and MINOR E.P. (DOB: April 6, 2018), who appear through Plaintiff LAUREN PRICE as Mother and Next Friend; MINOR A.L. (DOB: November 20, 2020), who appears through Plaintiff ASHTYN WHITAKER as Mother and Next Friend; MINOR J.S.B. (DOB: March 27, 2012), MINOR A.M.B. (DOB: June 28, 2015), and MINOR N.Q.L. (DOB: August 1, 2018), who appear through Plaintiff SYDNEY M. LEWIS as Mother and Next Friend; MINOR J.M. (DOB: April 26,

2015), who appears through Plaintiff ALEISHA MARSHALL as Mother and Next Friend; and MINOR U.W. (DOB: January 20, 2015), who appears through Plaintiff ANGELICA WELLS as Mother and Next Friend, were passengers traveling with the group aboard Sun Country Airlines Flight 193 and were affected by the events described herein.

107. As a direct and proximate result of Defendants' actions, Plaintiffs suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, economic losses, and other damages.

## COUNT 1
## VIOLATION OF 42 U.S.C. § 1981
## (LAUREN PRICE AGAINST SUN COUNTRY AIRLINES)

108. Plaintiff Lauren Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

109. Plaintiff Lauren Price is an African-American woman and is therefore a member of a protected class.

110. Plaintiff Lauren Price entered into a contractual relationship with Defendant Sun Country Airlines through the purchase and use of airline transportation services.

111. Plaintiff Lauren Price was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Defendant Sun Country Airlines.

112. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff Lauren Price to discriminatory treatment on the basis of race.

113. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff Lauren Price's enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship.

114. Defendant Sun Country Airlines removed Plaintiff Lauren Price from Flight 193 despite her compliance with instructions and despite the absence of any legitimate safety justification.

115. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff Lauren Price differently than similarly situated non-African-American passengers.

116. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff Lauren Price's federally protected rights.

117. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Lauren Price suffered humiliation, embarrassment, emotional distress, economic damages, and other injuries.

118. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff Lauren Price and its removal of

Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

119. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaint Plaintiff Lauren Price filed with the United States Department of Transportation, assigned Case Number 2026081452775, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff Lauren Price incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff Lauren Price's claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Lauren Price demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, attorneys' fees, costs, and all other relief this Court deems just and proper.

COUNT 2
VIOLATION OF 42 U.S.C. § 1981
(LAUREN PRICE AGAINST JEAN RIEGELMAN)

120. Plaintiff Lauren Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

121. Plaintiff Lauren Price is an African-American woman and is therefore a member of a protected class.

122. Defendant Jean Riegelman personally participated in the events giving rise to this action.

123. Defendant Jean Riegelman repeatedly referred to Plaintiff Lauren Price and members of her traveling group as "you people."

124. Defendant Jean Riegelman berated, humiliated, and singled out Plaintiff Lauren Price in the presence of passengers, family members, and MINOR children.

125. Defendant Jean Riegelman personally directed the removal of Plaintiff Lauren Price from Flight 193.

126. Defendant Jean Riegelman intentionally interfered with Plaintiff Lauren Price's enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Sun Country Airlines.

127. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by Plaintiff Lauren Price's race and/or ethnic background.

128. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff Lauren Price's federally protected rights.

129. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Lauren Price suffered humiliation, embarrassment, emotional distress, economic damages, and other injuries.

WHEREFORE, Plaintiff Lauren Price demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Court deems just and proper.

COUNT 3
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(LAUREN PRICE AGAINST SUN COUNTRY AIRLINES)

130. Plaintiff Lauren Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

131. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

132. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

133. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated Plaintiff Lauren Price, subjected her to discriminatory treatment, and removed her from Flight 193 in the presence of family members, MINOR children, and numerous passengers.

134. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress.

135. Defendant Sun Country Airlines' conduct caused Plaintiff Lauren Price severe emotional distress.

136. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Lauren Price suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, economic damages, and other injuries.

WHEREFORE, Plaintiff Lauren Price demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages

where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 4
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (LAUREN PRICE AGAINST JEAN RIEGELMAN)

137. Plaintiff Lauren Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

138. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

139. Defendant Jean Riegelman's conduct was extreme and outrageous.

140. Defendant Jean Riegelman repeatedly berated Plaintiff Lauren Price, referred to her and her family as "you people," publicly humiliated her, and caused her removal from Flight 193.

141. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress.

142. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff Lauren Price's severe emotional distress.

143. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Lauren Price suffered humiliation, embarrassment, emotional distress, anxiety, economic damages, and other injuries.

WHEREFORE, Plaintiff Lauren Price demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

## COUNT 5
## VIOLATION OF 42 U.S.C. § 1981
## (ANTONIO PRICE AGAINST SUN COUNTRY AIRLINES)

144. Plaintiff Antonio Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

145. Plaintiff Antonio Price is an African-American man and is therefore a member of a protected class.

146. Plaintiff Antonio Price was a member of the traveling party and beneficiary of the contractual relationship with Defendant Sun Country Airlines through the purchase and use of airline transportation services.

147. Plaintiff Antonio Price was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of that contractual relationship.

148. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff Antonio Price to discriminatory treatment on the basis of race.

149. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff Antonio Price's enjoyment of the benefits, privileges, terms, and conditions of the contractual relationship.

150. Defendant Sun Country Airlines subjected Plaintiff Antonio Price to humiliation and unequal treatment when Defendant Riegelman directed racially charged remarks toward Plaintiffs and members of their traveling party and removed Lauren Price and Kevin Whitaker from Flight 193.

151. Plaintiff Antonio Price personally witnessed Defendant Riegelman repeatedly direct hostile and discriminatory remarks toward Plaintiffs and members of their traveling party, including the repeated use of the phrase "you people."

152. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff Antonio Price and similarly situated members of his traveling party differently than similarly situated non-African-American passengers.

153. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff Antonio Price's federally protected rights.

154. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Antonio Price suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

155. Defendant Sun Country Airlines is also an “air carrier” subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that “An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry.” Defendant Sun Country Airlines’ conduct alleged herein, including its treatment of Plaintiff Antonio Price and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

156. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines’ liability under 42 U.S.C. § 1981, and is

further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff Antonio Price incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff Antonio Price's claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Antonio Price demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 6
## VIOLATION OF 42 U.S.C. § 1981
## (ANTONIO PRICE AGAINST JEAN RIEGELMAN)

157. Plaintiff Antonio Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

158. Plaintiff Antonio Price is an African-American man and is therefore a member of a protected class.

159. Defendant Jean Riegelman personally participated in the events giving rise to this action.

160. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

161. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff Antonio Price's family and traveling party in the presence of passengers and MINOR children.

162. Defendant Jean Riegelman personally directed the removal of Lauren Price and Kevin Whitaker from Flight 193.

163. Defendant Jean Riegelman intentionally interfered with Plaintiff Antonio Price's enjoyment of the benefits, privileges, terms, and conditions of the contractual relationship with Sun Country Airlines.

164. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

165. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff Antonio Price's federally protected rights.

166. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Antonio Price suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Antonio Price demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 7
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ANTONIO PRICE AGAINST SUN COUNTRY AIRLINES)

167. Plaintiff Antonio Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

168. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

169. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

170. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff Antonio Price's family, subjected them to discriminatory treatment, and removed his wife, Lauren Price, from Flight 193 in the presence of family members, MINOR children, and numerous passengers.

171. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress.

172. Defendant Sun Country Airlines' conduct caused Plaintiff Antonio Price severe emotional distress.

173. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Antonio Price suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other injuries.

WHEREFORE, Plaintiff Antonio Price demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 8
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ANTONIO PRICE AGAINST JEAN RIEGELMAN)

174. Plaintiff Antonio Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

175. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

176. Defendant Jean Riegelman's conduct was extreme and outrageous.

177. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff Antonio Price's family, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

178. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress.

179. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff Antonio Price's severe emotional distress.

180. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Antonio Price suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Antonio Price demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

COUNT 9
VIOLATION OF 42 U.S.C. § 1981
(KEVIN WHITAKER AGAINST SUN COUNTRY AIRLINES)

181. Plaintiff Kevin Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

182. Plaintiff Kevin Whitaker is an African-American man and is therefore a member of a protected class.

183. Plaintiff Kevin Whitaker entered into a contractual relationship with Defendant Sun Country Airlines through the purchase and use of airline transportation services.

184. Plaintiff Kevin Whitaker was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of his contractual relationship with Defendant Sun Country Airlines.

185. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff Kevin Whitaker to discriminatory treatment on the basis of race.

186. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff Kevin Whitaker's enjoyment of the benefits, privileges, terms, and conditions of his contractual relationship.

187. Plaintiff Kevin Whitaker objected to Defendant Riegelman's disrespectful treatment of Lauren Price and, shortly thereafter, was selected for removal from Flight 193.

188. Defendant Sun Country Airlines removed Plaintiff Kevin Whitaker from Flight 193 despite the absence of any legitimate safety justification.

189. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff Kevin Whitaker differently than similarly situated non-African-American passengers.

190. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff Kevin Whitaker's federally protected rights.

191. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Kevin Whitaker suffered humiliation, embarrassment, emotional distress, economic damages, and other injuries.

192. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff Kevin Whitaker and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

193. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn

Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff Kevin Whitaker incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff Kevin Whitaker's claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Kevin Whitaker demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 10
## VIOLATION OF 42 U.S.C. § 1981
## (KEVIN WHITAKER AGAINST JEAN RIEGELMAN)

194. Plaintiff Kevin Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

195. Plaintiff Kevin Whitaker is an African-American man and is therefore a member of a protected class.

196. Defendant Jean Riegelman personally participated in the events giving rise to this action.

197. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

198. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiffs' traveling party in the presence of passengers and MINOR children.

199. Defendant Jean Riegelman responded to Plaintiff Kevin Whitaker's objection to her treatment of Lauren Price by stating that she could speak to Plaintiffs however she wanted.

200. Defendant Jean Riegelman personally identified Plaintiff Kevin Whitaker as one of the passengers to be removed from Flight 193.

201. Defendant Jean Riegelman intentionally interfered with Plaintiff Kevin Whitaker's enjoyment of the benefits, privileges, terms, and conditions of his contractual relationship with Sun Country Airlines.

202. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

203. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff Kevin Whitaker's federally protected rights.

204. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Kevin Whitaker suffered humiliation, embarrassment, emotional distress, economic damages, and other injuries.

WHEREFORE, Plaintiff Kevin Whitaker demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 11
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (KEVIN WHITAKER AGAINST SUN COUNTRY AIRLINES)

205. Plaintiff Kevin Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

206. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

207. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

208. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated Plaintiff Kevin Whitaker, subjected him to discriminatory treatment, and removed him from Flight 193 in the presence of family members, MINOR children, and numerous passengers.

209. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress.

210. Defendant Sun Country Airlines' conduct caused Plaintiff Kevin Whitaker severe emotional distress.

211. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Kevin Whitaker suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, economic damages, and other injuries.

WHEREFORE, Plaintiff Kevin Whitaker demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, costs, and all other relief this Court deems just and proper.

COUNT 12
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(KEVIN WHITAKER AGAINST JEAN RIEGELMAN)

212. Plaintiff Kevin Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

213. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

214. Defendant Jean Riegelman's conduct was extreme and outrageous.

215. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated Plaintiff Kevin Whitaker, and caused his removal from Flight 193.

216. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress.

217. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff Kevin Whitaker's severe emotional distress.

218. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Kevin Whitaker suffered humiliation, embarrassment, emotional distress, anxiety, economic damages, and other injuries.

WHEREFORE, Plaintiff Kevin Whitaker demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

## COUNT 13
## VIOLATION OF 42 U.S.C. § 1981
## (ASHTYN WHITAKER AGAINST SUN COUNTRY AIRLINES)

219. Plaintiff Ashtyn Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

220. Plaintiff Ashtyn Whitaker is an African-American woman and is therefore a member of a protected class.

221. Plaintiff Ashtyn Whitaker entered into a contractual relationship with Defendant Sun Country Airlines through the purchase and use of airline transportation services.

222. Plaintiff Ashtyn Whitaker was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Defendant Sun Country Airlines.

223. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff Ashtyn Whitaker to discriminatory treatment on the basis of race.

224. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff Ashtyn Whitaker's enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship.

225. Plaintiff Ashtyn Whitaker witnessed Defendant Riegelman's treatment of Plaintiffs and members of their traveling group, including the removal of Lauren Price and Kevin Whitaker from Flight 193.

226. Plaintiff Ashtyn Whitaker and the MINOR child traveling with her were forced to remain aboard the aircraft after witnessing the events described herein.

227. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff Ashtyn Whitaker differently than similarly situated non-African-American passengers.

228. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff Ashtyn Whitaker's federally protected rights.

229. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Ashtyn Whitaker suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

230. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff Ashtyn Whitaker and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

231. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaint Plaintiff Ashtyn Whitaker filed with the

United States Department of Transportation, assigned Case Number 01452765, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff Ashtyn Whitaker incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff Ashtyn Whitaker's claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Ashtyn Whitaker demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 14
## VIOLATION OF 42 U.S.C. § 1981
## (ASHTYN WHITAKER AGAINST JEAN RIEGELMAN)

232. Plaintiff Ashtyn Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

233. Plaintiff Ashtyn Whitaker is an African-American woman and is therefore a member of a protected class.

234. Defendant Jean Riegelman personally participated in the events giving rise to this action.

235. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

236. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiffs' traveling party in the presence of passengers and MINOR children.

237. Defendant Jean Riegelman personally participated in the discriminatory treatment directed toward Plaintiffs and their traveling group.

238. Defendant Jean Riegelman intentionally interfered with Plaintiff Ashtyn Whitaker's enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Sun Country Airlines.

239. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

240. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff Ashtyn Whitaker's federally protected rights.

241. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Ashtyn Whitaker suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Ashtyn Whitaker demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 15
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ASHTYN WHITAKER AGAINST SUN COUNTRY AIRLINES)

242. Plaintiff Ashtyn Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

243. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

244. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

245. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff Ashtyn Whitaker's traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

246. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress.

247. Defendant Sun Country Airlines' conduct caused Plaintiff Ashtyn Whitaker severe emotional distress.

248. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Ashtyn Whitaker suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other injuries.

WHEREFORE, Plaintiff Ashtyn Whitaker demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 16
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ASHTYN WHITAKER AGAINST JEAN RIEGELMAN)

249. Plaintiff Ashtyn Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

250. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

251. Defendant Jean Riegelman's conduct was extreme and outrageous.

252. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiffs' traveling party, caused the removal of Lauren Price and Kevin Whitaker from Flight 193, and subsequently made unwanted physical contact with Plaintiff Ashtyn Whitaker.

253. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress.

254. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff Ashtyn Whitaker's severe emotional distress.

255. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Ashtyn Whitaker suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Ashtyn Whitaker demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

## COUNT 17
## ASSAULT
## (ASHTYN WHITAKER AGAINST JEAN RIEGELMAN)

256. Plaintiff Ashtyn Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

257. Plaintiff Ashtyn Whitaker attempted to photograph Defendant Jean Riegelman in order to document the identity of the flight attendant involved in the events described herein.

258. While Plaintiff Ashtyn Whitaker held her cellular telephone, Defendant Jean Riegelman intentionally lunged toward Plaintiff in an aggressive manner.

259. Defendant Jean Riegelman attempted to strike the cellular telephone from Plaintiff Ashtyn Whitaker's hand.

260. Defendant Jean Riegelman's actions created in Plaintiff Ashtyn Whitaker a reasonable apprehension of imminent harmful and/or offensive physical contact.

261. Plaintiff Ashtyn Whitaker did not consent to Defendant Jean Riegelman's actions.

262. Defendant Jean Riegelman acted intentionally, maliciously, and without legal justification.

263. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Ashtyn Whitaker suffered fear, humiliation, emotional distress, and other damages.

WHEREFORE, Plaintiff Ashtyn Whitaker demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

## COUNT 18
## BATTERY
## (ASHTYN WHITAKER AGAINST JEAN RIEGELMAN)

264. Plaintiff Ashtyn Whitaker re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

265. Defendant Jean Riegelman intentionally lunged toward Plaintiff Ashtyn Whitaker and attempted to strike the cellular telephone from her hand.

266. In doing so, Defendant Jean Riegelman made physical contact with Plaintiff Ashtyn Whitaker's hand and arm.

267. The physical contact was intentional, harmful and/or offensive, and occurred without Plaintiff Ashtyn Whitaker's consent.

268. Defendant Jean Riegelman had no legal privilege or justification to make such contact.

269. Defendant Jean Riegelman acted intentionally, maliciously, and with conscious disregard for Plaintiff Ashtyn Whitaker's rights.

270. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Ashtyn Whitaker suffered physical contact, fear, humiliation, emotional distress, embarrassment, and other damages.

WHEREFORE, Plaintiff Ashtyn Whitaker demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

## COUNT 19
## VIOLATION OF 42 U.S.C. § 1981
## (DANETTE LEWIS WILLIAMS AGAINST SUN COUNTRY AIRLINES)

271. Plaintiff Danette Lewis Williams re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

272. Plaintiff Danette Lewis Williams is an African-American woman and is therefore a member of a protected class.

273. Plaintiff Danette Lewis Williams entered into a contractual relationship with Defendant Sun Country Airlines through the purchase and use of airline transportation services.

274. Plaintiff Danette Lewis Williams was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Defendant Sun Country Airlines.

275. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff Danette Lewis Williams to discriminatory treatment on the basis of race.

276. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff Danette Lewis Williams' enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship.

277. Plaintiff Danette Lewis Williams witnessed Defendant Riegelman's discriminatory and hostile conduct toward Plaintiffs and members of their traveling party.

278. Plaintiff Danette Lewis Williams witnessed or became aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

279. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff Danette Lewis Williams and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

280. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff Danette Lewis Williams' federally protected rights.

281. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Danette Lewis Williams suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

282. Defendant Sun Country Airlines is also an “air carrier” subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that “An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry.” Defendant Sun Country Airlines’ conduct alleged herein, including its treatment of Plaintiff Danette Lewis Williams and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

283. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines’ liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff Danette Lewis Williams incorporates this violation as additional evidence of Defendant’s discriminatory intent and duty supporting Plaintiff Danette Lewis Williams's claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Danette Lewis Williams demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, attorneys' fees, costs, and all other relief this Court deems just and proper.

COUNT 20
VIOLATION OF 42 U.S.C. § 1981
(DANETTE LEWIS WILLIAMS AGAINST JEAN RIEGELMAN)

284. Plaintiff Danette Lewis Williams re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

285. Plaintiff Danette Lewis Williams is an African-American woman and is therefore a member of a protected class.

286. Defendant Jean Riegelman personally participated in the events giving rise to this action.

287. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as “you people.”

288. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiffs’ traveling party in the presence of passengers and MINOR children.

289. Defendant Jean Riegelman intentionally interfered with Plaintiff Danette Lewis Williams' enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Sun Country Airlines.

290. Upon information and belief, Defendant Jean Riegelman’s actions were motivated in whole or in part by race and/or ethnic background.

291. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff Danette Lewis Williams' federally protected rights.

292. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Danette Lewis Williams suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Danette Lewis Williams demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 21
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (DANETTE LEWIS WILLIAMS AGAINST SUN COUNTRY AIRLINES)

293. Plaintiff Danette Lewis Williams re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

294. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

295. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

296. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff Danette Lewis Williams' traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

297. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress.

298. Defendant Sun Country Airlines' conduct caused Plaintiff Danette Lewis Williams severe emotional distress.

299. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Danette Lewis Williams suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other injuries.

WHEREFORE, Plaintiff Danette Lewis Williams demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 22
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (DANETTE LEWIS WILLIAMS AGAINST JEAN RIEGELMAN)

300. Plaintiff Danette Lewis Williams re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

301. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

302. Defendant Jean Riegelman's conduct was extreme and outrageous.

303. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as “you people,” publicly humiliated members of Plaintiffs’ traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

304. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress.

305. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff Danette Lewis Williams' severe emotional distress.

306. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Danette Lewis Williams suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Danette Lewis Williams demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

COUNT 23
VIOLATION OF 42 U.S.C. § 1981
(STEPHANIE PRICE AGAINST SUN COUNTRY AIRLINES)

307. Plaintiff Stephanie Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

308. Plaintiff Stephanie Price is an African-American woman and is therefore a member of a protected class.

309. Plaintiff Stephanie Price entered into a contractual relationship with Defendant Sun Country Airlines through the purchase and use of airline transportation services.

310. Plaintiff Stephanie Price was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Defendant Sun Country Airlines.

311. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff Stephanie Price to discriminatory treatment on the basis of race.

312. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff Stephanie Price's enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship.

313. Plaintiff Stephanie Price witnessed Defendant Riegelman's discriminatory and hostile treatment of Plaintiffs and members of their traveling party.

314. Plaintiff Stephanie Price witnessed or became aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

315. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff Stephanie Price and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

316. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff Stephanie Price's federally protected rights.

317. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Stephanie Price suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

318. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff Stephanie Price and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

319. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff Stephanie Price incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff Stephanie Price's claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Stephanie Price demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, attorneys' fees, costs, and all other relief this Court deems just and proper.

COUNT 24
VIOLATION OF 42 U.S.C. § 1981
(STEPHANIE PRICE AGAINST JEAN RIEGELMAN)

320. Plaintiff Stephanie Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

321. Plaintiff Stephanie Price is an African-American woman and is therefore a member of a protected class.

322. Defendant Jean Riegelman personally participated in the events giving rise to this action.

323. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as “you people.”

324. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiffs’ traveling party in the presence of passengers and MINOR children.

325. Defendant Jean Riegelman intentionally interfered with Plaintiff Stephanie Price's enjoyment of the benefits, privileges, terms, and conditions of her contractual relationship with Sun Country Airlines.

326. Upon information and belief, Defendant Jean Riegelman’s actions were motivated in whole or in part by race and/or ethnic background.

327. Defendant Jean Riegelman’s conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff Stephanie Price's federally protected rights.

328. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Stephanie Price suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Stephanie Price demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, attorneys' fees, costs, and all other relief this Court deems just and proper.

## COUNT 25
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (STEPHANIE PRICE AGAINST SUN COUNTRY AIRLINES)

329. Plaintiff Stephanie Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

330. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

331. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

332. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff Stephanie Price's traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

333. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress.

334. Defendant Sun Country Airlines' conduct caused Plaintiff Stephanie Price severe emotional distress.

335. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff Stephanie Price suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other injuries.

WHEREFORE, Plaintiff Stephanie Price demands judgment against Defendant Sun Country Airlines for compensatory damages, punitive damages where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 26
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (STEPHANIE PRICE AGAINST JEAN RIEGELMAN)

336. Plaintiff Stephanie Price re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

337. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

338. Defendant Jean Riegelman's conduct was extreme and outrageous.

339. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiffs' traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

340. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress.

341. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff Stephanie Price's severe emotional distress.

342. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff Stephanie Price suffered humiliation, embarrassment, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Stephanie Price demands judgment against Defendant Jean Riegelman for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

## COUNT 27
## VIOLATION OF 42 U.S.C. § 1981
## (LAUREN PRICE, AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB MAY 29, 2016) AGAINST SUN COUNTRY AIRLINES)

343. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P. (DOB May 29, 2016), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

344. Plaintiff E.P. is an African-American child and is therefore a member of a protected class.

345. Plaintiff E.P. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between her parents and Defendant Sun Country Airlines.

346. Plaintiff E.P. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

347. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff E.P. and her traveling group to discriminatory treatment on the basis of race.

348. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff E.P.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

349. Plaintiff E.P. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of her traveling party.

350. Plaintiff E.P. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

351. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff E.P. and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

352. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff E.P.'s federally protected rights.

353. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff E.P. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

354. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff E.P. (DOB May 29, 2016) and its

removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

355. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff E.P. (DOB May 29, 2016) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff E.P. (DOB May 29, 2016)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 28
## VIOLATION OF 42 U.S.C. § 1981
## (LAUREN PRICE AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB MAY 29, 2016) AGAINST JEAN RIEGELMAN)

356. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P. (DOB May 29, 2016), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

357. Plaintiff E.P. is an African-American child and is therefore a member of a protected class.

358. Defendant Jean Riegelman personally participated in the events giving rise to this action.

359. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

360. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff E.P.'s traveling party in the presence of passengers and MINOR children.

361. Defendant Jean Riegelman intentionally interfered with Plaintiff E.P.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

362. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

363. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff E.P.'s federally protected rights.

364. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff E.P. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Jean Riegelman for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

COUNT 29
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(LAUREN PRICE AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB MAY 29, 2016) AGAINST SUN COUNTRY AIRLINES)

365. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P. (DOB May 29, 2016), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

366. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

367. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

368. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff E.P.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

369. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

370. Plaintiff E.P. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

371. Defendant Sun Country Airlines' conduct caused Plaintiff E.P. severe emotional distress.

372. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff E.P. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 30
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (LAUREN PRICE AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB MAY 29, 2016) AGAINST JEAN RIEGELMAN)

373. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P. (DOB May 29, 2016), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

374. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

375. Defendant Jean Riegelman's conduct was extreme and outrageous.

376. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff E.P.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

377. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

378. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff E.P.'s severe emotional distress.

379. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff E.P. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 31
## VIOLATION OF 42 U.S.C. § 1981
## (LAUREN PRICE AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB APRIL 6, 2018) AGAINST SUN COUNTRY AIRLINES)

380. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P. (DOB April 6, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

381. Plaintiff E.P. is an African-American child and is therefore a member of a protected class.

382. Plaintiff E.P. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between her parents and Defendant Sun Country Airlines.

383. Plaintiff E.P. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

384. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff E.P. and his traveling group to discriminatory treatment on the basis of race.

385. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff E.P.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

386. Plaintiff E.P. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of his traveling party.

387. Plaintiff E.P. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

388. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff E.P. and similarly situated members of his traveling party differently than similarly situated non-African-American passengers.

389. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff E.P.'s federally protected rights.

390. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff E.P. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

391. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin,

religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff E.P. (DOB April 6, 2018) and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

392. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff E.P. (DOB April 6, 2018) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff E.P. (DOB April 6, 2018)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 32
## VIOLATION OF 42 U.S.C. § 1981
## (LAUREN PRICE AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB APRIL 6, 2018) AGAINST JEAN RIEGELMAN)

393. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P. (DOB April 6, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

394. Plaintiff E.P. is an African-American child and is therefore a member of a protected class.

395. Defendant Jean Riegelman personally participated in the events giving rise to this action.

396. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

397. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff E.P.'s traveling party in the presence of passengers and MINOR children.

398. Defendant Jean Riegelman intentionally interfered with Plaintiff E.P.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

399. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

400. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff E.P.'s federally protected rights.

401. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff E.P. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Jean Riegelman for

compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 33
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (LAUREN PRICE AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB APRIL 6, 2018) AGAINST SUN COUNTRY AIRLINES)

402. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., (DOB April 6, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

403. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

404. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

405. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff E.P.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

406. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

407. Plaintiff E.P. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

408. Defendant Sun Country Airlines' conduct caused Plaintiff E.P. severe emotional distress.

409. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff E.P. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 34
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (LAUREN PRICE AS MOTHER AND NEXT FRIEND OF MINOR E.P. (DOB APRIL 6, 2018) AGAINST JEAN RIEGELMAN)

410. Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., (DOB April 6, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

411. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

412. Defendant Jean Riegelman's conduct was extreme and outrageous.

413. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff E.P.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

414. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

415. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff E.P.'s severe emotional distress.

416. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff E.P. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Lauren Price, as Mother and Next Friend of MINOR E.P., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

COUNT 35
VIOLATION OF 42 U.S.C. § 1981
(ASHTYN WHITAKER AS MOTHER AND NEXT FRIEND OF MINOR A.L. (DOB NOVEMBER 20, 2020) AGAINST SUN COUNTRY AIRLINES)

417. Plaintiff Ashtyn Whitaker as Mother and Next Friend of MINOR A.L. (DOB November 20, 2020), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

418. Plaintiff A.L. is an African-American child and is therefore a member of a protected class.

419. Plaintiff A.L. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between her parent and Defendant Sun Country Airlines.

420. Plaintiff A.L. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

421. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff A.L. and her traveling group to discriminatory treatment on the basis of race.

422. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff A.L.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

423. Plaintiff A.L. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of her traveling party.

424. Plaintiff A.L. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

425. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff A.L. and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

426. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff A.L.'s federally protected rights.

427. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff A.L. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

428. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin,

religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff A.L. (DOB November 20, 2020) and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

429. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff A.L. (DOB November 20, 2020) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff A.L. (DOB November 20, 2020)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Ashtyn Whitaker, as Mother and Next Friend of MINOR A.L., demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 36
## VIOLATION OF 42 U.S.C. § 1981
## (ASHTYN WHITAKER AS MOTHER AND NEXT FRIEND OF MINOR A.L. (DOB NOVEMBER 20, 2020) AGAINST JEAN RIEGELMAN)

430. Plaintiff Ashtyn Whitaker as Mother and Next Friend of MINOR A.L. (DOB November 20, 2020), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

431. Plaintiff A.L. is an African-American child and is therefore a member of a protected class.

432. Defendant Jean Riegelman personally participated in the events giving rise to this action.

433. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

434. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff A.L.'s traveling party in the presence of passengers and MINOR children.

435. Defendant Jean Riegelman intentionally interfered with Plaintiff A.L.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

436. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

437. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff A.L.'s federally protected rights.

438. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff A.L. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Ashtyn Whitaker, as Mother and Next Friend of MINOR A.L., demands judgment against Defendant Jean Riegelman for

compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 37
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ASHTYN WHITAKER AS MOTHER AND NEXT FRIEND OF MINOR A.L. (DOB NOVEMBER 20, 2020) AGAINST SUN COUNTRY AIRLINES)

439. Plaintiff Ashtyn Whitaker as Mother and Next Friend of MINOR A.L. (DOB November 20, 2020), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

440. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

441. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

442. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff A.L.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

443. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

444. Plaintiff A.L. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

445. Defendant Sun Country Airlines' conduct caused Plaintiff A.L. severe emotional distress.

446. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff A.L. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Ashtyn Whitaker, as Mother and Next Friend of MINOR A.L., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 38
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ASHTYN WHITAKER AS MOTHER AND NEXT FRIEND OF MINOR A.L. (DOB NOVEMBER 20, 2020) AGAINST JEAN RIEGELMAN)

447. Plaintiff Ashtyn Whitaker, as Mother and Next Friend of MINOR A.L. (DOB November 20, 2020), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

448. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

449. Defendant Jean Riegelman's conduct was extreme and outrageous.

450. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff A.L.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

451. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

452. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff A.L.'s severe emotional distress.

453. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff A.L. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Ashtyn Whitaker, as Mother and Next Friend of MINOR A.L., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 39
## VIOLATION OF 42 U.S.C. § 1981
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR J.S.B. AGAINST SUN COUNTRY AIRLINES)

454. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B. (DOB March 27, 2012), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

455. Plaintiff J.S.B. is an African-American child and is therefore a member of a protected class.

456. Plaintiff J.S.B. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between his parent and Defendant Sun Country Airlines.

457. Plaintiff J.S.B. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

458. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff J.S.B. and his traveling group to discriminatory treatment on the basis of race.

459. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff J.S.B.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

460. Plaintiff J.S.B. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of his traveling party.

461. Plaintiff J.S.B. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

462. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff J.S.B. and similarly situated members of his traveling party differently than similarly situated non-African-American passengers.

463. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff J.S.B., 's federally protected rights.

464. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff J.S.B. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

465. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin,

religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff J.S.B. (DOB March 27, 2012) and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

466. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff J.S.B. (DOB March 27, 2012) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff J.S.B. (DOB March 27, 2012)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B. demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 40
## VIOLATION OF 42 U.S.C. § 1981
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR J.S.B. AGAINST JEAN RIEGELMAN)

467. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B. (DOB March 27, 2012), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

468. Plaintiff J.S.B. is an African-American child and is therefore a member of a protected class.

469. Defendant Jean Riegelman personally participated in the events giving rise to this action.

470. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

471. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff J.S.B.'s traveling party in the presence of passengers and MINOR children.

472. Defendant Jean Riegelman intentionally interfered with Plaintiff J.S.B.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

473. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

474. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff J.S.B. 's federally protected rights.

475. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff J.S.B. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B., demands judgment against Defendant Jean Riegelman for

compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 41
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR J.S.B., AGAINST SUN COUNTRY AIRLINES)

476. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B. (DOB March 27, 2012), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

477. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

478. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

479. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff J.S.B.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

480. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

481. Plaintiff J.S.B. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

482. Defendant Sun Country Airlines' conduct caused Plaintiff J.S.B. severe emotional distress.

483. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff J.S.B. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 42
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR J.S.B. AGAINST JEAN RIEGELMAN)

484. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B. (DOB March 27, 2012), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

485. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

486. Defendant Jean Riegelman's conduct was extreme and outrageous.

487. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff J.S.B.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

488. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

489. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff J.S.B.'s severe emotional distress.

490. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff J.S.B. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR J.S.B., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

COUNT 43
VIOLATION OF 42 U.S.C. § 1981
(SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR A.M.B. (DOB JUNE 28, 2015) AGAINST SUN COUNTRY AIRLINES)

491. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B. (DOB June 28, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

492. Plaintiff A.M.B. is an African-American child and is therefore a member of a protected class.

493. Plaintiff A.M.B. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between her parent and Defendant Sun Country Airlines.

494. Plaintiff A.M.B. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

495. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff A.M.B. and her traveling group to discriminatory treatment on the basis of race.

496. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff A.M.B.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

497. Plaintiff A.M.B. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of her traveling party.

498. Plaintiff A.M.B. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

499. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff A.M.B. and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

500. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff A.M.B.'s federally protected rights.

501. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff A.M.B. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

502. Defendant Sun Country Airlines is also an “air carrier” subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that “An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin,

religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff A.M.B. (DOB June 28, 2015) and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

503. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff A.M.B. (DOB June 28, 2015) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff A.M.B. (DOB June 28, 2015)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B., demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 44
## VIOLATION OF 42 U.S.C. § 1981
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR A.M.B. (DOB JUNE 28, 2015) AGAINST JEAN RIEGELMAN)

504. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B. (DOB June 28, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

505. Plaintiff A.M.B. is an African-American child and is therefore a member of a protected class.

506. Defendant Jean Riegelman personally participated in the events giving rise to this action.

507. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

508. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff A.M.B.'s traveling party in the presence of passengers and MINOR children.

509. Defendant Jean Riegelman intentionally interfered with Plaintiff A.M.B.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

510. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

511. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff A.M.B.'s federally protected rights.

512. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff A.M.B. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B., demands judgment against Defendant Jean Riegelman for

compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 45
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR A.M.B. (DOB JUNE 28, 2015) AGAINST SUN COUNTRY AIRLINES)

513. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B. (DOB June 28, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

514. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

515. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

516. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff A.M.B.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

517. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

518. Plaintiff A.M.B. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

519. Defendant Sun Country Airlines' conduct caused Plaintiff A.M.B. severe emotional distress.

520. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff A.M.B. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 46
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR A.M.B. (DOB JUNE 28, 2015) AGAINST JEAN RIEGELMAN)

521. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B. (DOB June 28, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

522. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

523. Defendant Jean Riegelman's conduct was extreme and outrageous.

524. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff A.M.B.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

525. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

526. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff A.M.B.'s severe emotional distress.

527. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff A.M.B. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR A.M.B., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

COUNT 47
VIOLATION OF 42 U.S.C. § 1981
(SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR N.Q.L. (DOB AUGUST 1, 2018) AGAINST SUN COUNTRY AIRLINES)

528. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L. (DOB August 1, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

529. Plaintiff N.Q.L. is an African-American child and is therefore a member of a protected class.

530. Plaintiff N.Q.L. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between her parent and Defendant Sun Country Airlines.

531. Plaintiff N.Q.L. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

532. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff N.Q.L. and her traveling group to discriminatory treatment on the basis of race.

533. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff N.Q.L.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

534. Plaintiff N.Q.L. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of her traveling party.

535. Plaintiff N.Q.L. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

536. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff N.Q.L. and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

537. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff N.Q.L.'s federally protected rights.

538. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff N.Q.L. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

539. Defendant Sun Country Airlines is also an “air carrier” subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that “An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin,

religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff N.Q.L. (DOB August 1, 2018) and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

540. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff N.Q.L. (DOB August 1, 2018) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff N.Q.L. (DOB August 1, 2018)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L., demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 48
## VIOLATION OF 42 U.S.C. § 1981
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR N.Q.L. (DOB AUGUST 1, 2018) AGAINST JEAN RIEGELMAN)

541. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L. (DOB August 1, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

542. Plaintiff N.Q.L. is an African-American child and is therefore a member of a protected class.

543. Defendant Jean Riegelman personally participated in the events giving rise to this action.

544. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

545. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff N.Q.L.'s traveling party in the presence of passengers and MINOR children.

546. Defendant Jean Riegelman intentionally interfered with Plaintiff N.Q.L.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

547. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

548. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff N.Q.L.'s federally protected rights.

549. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff N.Q.L. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L., demands judgment against Defendant Jean Riegelman for

compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 49
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR N.Q.L. (DOB AUGUST 1, 2018) AGAINST SUN COUNTRY AIRLINES)

550. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L. (DOB August 1, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

551. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

552. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

553. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff N.Q.L.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

554. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

555. Plaintiff N.Q.L. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

556. Defendant Sun Country Airlines' conduct caused Plaintiff N.Q.L. severe emotional distress.

557. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff N.Q.L. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 50
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (SYDNEY M. LEWIS AS MOTHER AND NEXT FRIEND OF MINOR N.Q.L. (DOB AUGUST 1, 2018) AGAINST JEAN RIEGELMAN)

558. Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L. (DOB August 1, 2018), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

559. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

560. Defendant Jean Riegelman's conduct was extreme and outrageous.

561. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff N.Q.L.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

562. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

563. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff N.Q.L.'s severe emotional distress.

564. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff N.Q.L. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Sydney M. Lewis, as Mother and Next Friend of MINOR N.Q.L., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 51
## VIOLATION OF 42 U.S.C. § 1981
## (ALEISHA MARSHALL AS MOTHER AND NEXT FRIEND OF MINOR J.M. (DOB APRIL 26, 2015) AGAINST SUN COUNTRY AIRLINES)

565. Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M. (DOB April 26, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

566. Plaintiff J.M. is an African-American child and is therefore a member of a protected class.

567. Plaintiff J.M. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between her parent and Defendant Sun Country Airlines.

568. Plaintiff J.M. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

569. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff J.M. and her traveling group to discriminatory treatment on the basis of race.

570. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff J.M.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

571. Plaintiff J.M. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of her traveling party.

572. Plaintiff J.M. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

573. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff J.M. and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

574. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff J.M.'s federally protected rights.

575. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff J.M. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

576. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin,

religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff J.M. (DOB April 26, 2015) and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

577. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff J.M. (DOB April 26, 2015) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff J.M. (DOB April 26, 2015)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M., demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 52
## VIOLATION OF 42 U.S.C. § 1981
## (ALEISHA MARSHALL AS MOTHER AND NEXT FRIEND OF MINOR J.M. (DOB APRIL 26, 2015) AGAINST JEAN RIEGELMAN)

578. Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M. (DOB April 26, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

579. Plaintiff J.M. is an African-American child and is therefore a member of a protected class.

580. Defendant Jean Riegelman personally participated in the events giving rise to this action.

581. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

582. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff J.M.'s traveling party in the presence of passengers and MINOR children.

583. Defendant Jean Riegelman intentionally interfered with Plaintiff J.M.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

584. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

585. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff J.M.'s federally protected rights.

586. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff J.M. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M., demands judgment against Defendant Jean Riegelman for

compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

COUNT 53
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(ALEISHA MARSHALL AS MOTHER AND NEXT FRIEND OF MINOR J.M. (DOB APRIL 26, 2015) AGAINST SUN COUNTRY AIRLINES)

587. Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M. (DOB April 26, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

588. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

589. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

590. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff J.M.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

591. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

592. Plaintiff J.M. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

593. Defendant Sun Country Airlines' conduct caused Plaintiff J.M. severe emotional distress.

594. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff J.M. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 54
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALEISHA MARSHALL AS MOTHER AND NEXT FRIEND OF MINOR J.M. (DOB APRIL 26, 2015) AGAINST JEAN RIEGELMAN)

595. Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M. (DOB April 26, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

596. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

597. Defendant Jean Riegelman's conduct was extreme and outrageous.

598. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff J.M.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

599. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

600. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff J.M.'s severe emotional distress.

601. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff J.M. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Aleisha Marshall, as Mother and Next Friend of MINOR J.M., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 55
## VIOLATION OF 42 U.S.C. § 1981
## (ANGELICA WELLS AS MOTHER AND NEXT FRIEND OF MINOR U.W. (DOB JANUARY 20, 2015) AGAINST SUN COUNTRY AIRLINES)

602. Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W. (DOB January 20, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

603. Plaintiff U.W. is an African-American child and is therefore a member of a protected class.

604. Plaintiff U.W. was a passenger aboard Sun Country Airlines Flight 193 and was a beneficiary of the contractual relationship between her parent and Defendant Sun Country Airlines.

605. Plaintiff U.W. was entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of air transportation services provided by Defendant Sun Country Airlines.

606. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiff U.W. and her traveling group to discriminatory treatment on the basis of race.

607. Defendant Sun Country Airlines, acting through Defendant Jean Riegelman and other employees, interfered with Plaintiff U.W.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

608. Plaintiff U.W. witnessed or was aware of Defendant Riegelman's hostile treatment of Plaintiffs and members of her traveling party.

609. Plaintiff U.W. witnessed or was aware of the removal of Lauren Price and Kevin Whitaker from Flight 193.

610. Upon information and belief, Defendant Sun Country Airlines treated Plaintiff U.W. and similarly situated members of her traveling party differently than similarly situated non-African-American passengers.

611. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff U.W.'s federally protected rights.

612. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff U.W. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

613. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin,

religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiff U.W. (DOB January 20, 2015) and its removal of Lauren Price and Kevin Whitaker from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

614. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by Lauren Price (Case No. 2026081452775) and Ashtyn Whitaker (Case No. 01452765) arising from this same incident, and to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiff U.W. (DOB January 20, 2015) incorporates this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiff U.W. (DOB January 20, 2015)'s claim under 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W., demands judgment against Defendant Sun Country Airlines for compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 56
## VIOLATION OF 42 U.S.C. § 1981
## (ANGELICA WELLS AS MOTHER AND NEXT FRIEND OF MINOR U.W. (DOB JANUARY 20, 2015) AGAINST JEAN RIEGELMAN)

615. Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W. (DOB January 20, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

616. Plaintiff U.W. is an African-American child and is therefore a member of a protected class.

617. Defendant Jean Riegelman personally participated in the events giving rise to this action.

618. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people."

619. Defendant Jean Riegelman berated, humiliated, and singled out members of Plaintiff U.W.'s traveling party in the presence of passengers and MINOR children.

620. Defendant Jean Riegelman intentionally interfered with Plaintiff U.W.'s enjoyment of the benefits, privileges, terms, and conditions of air transportation services.

621. Upon information and belief, Defendant Jean Riegelman's actions were motivated in whole or in part by race and/or ethnic background.

622. Defendant Jean Riegelman's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiff U.W.'s federally protected rights.

623. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff U.W. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W., demands judgment against Defendant Jean Riegelman for

compensatory damages, attorneys' fees where permitted by law, costs, and all other relief this Court deems just and proper.

## COUNT 57
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ANGELICA WELLS AS MOTHER AND NEXT FRIEND OF MINOR U.W. (DOB JANUARY 20, 2015) AGAINST SUN COUNTRY AIRLINES)

624. Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W. (DOB January 20, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

625. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

626. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

627. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated members of Plaintiff U.W.'s traveling party, subjected them to discriminatory treatment, and removed Lauren Price and Kevin Whitaker from Flight 193.

628. Defendant Sun Country Airlines knew or should have known that its conduct would cause severe emotional distress to the MINOR children present during the incident.

629. Plaintiff U.W. witnessed or was aware of the confrontation and removal of passengers from the aircraft.

630. Defendant Sun Country Airlines' conduct caused Plaintiff U.W. severe emotional distress.

631. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiff U.W. suffered fear, emotional distress, anxiety, humiliation, and other injuries.

WHEREFORE, Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W., demands judgment against Defendant Sun Country Airlines for compensatory damages, costs, and all other relief this Court deems just and proper.

## COUNT 58
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ANGELICA WELLS AS MOTHER AND NEXT FRIEND OF MINOR U.W. (DOB JANUARY 20, 2015) AGAINST JEAN RIEGELMAN)

632. Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W. (DOB January 20, 2015), re-alleges and incorporates by reference Paragraphs 1 through 107 of this Complaint as though fully set forth herein.

633. Defendant Jean Riegelman engaged in intentional and/or reckless conduct.

634. Defendant Jean Riegelman's conduct was extreme and outrageous.

635. Defendant Jean Riegelman repeatedly referred to Plaintiffs and members of their traveling group as "you people," publicly humiliated members of Plaintiff U.W.'s traveling party, and caused the removal of Lauren Price and Kevin Whitaker from Flight 193.

636. Defendant Jean Riegelman knew or should have known that her conduct would cause severe emotional distress to the MINOR children present during the incident.

637. Defendant Jean Riegelman's conduct was a direct and proximate cause of Plaintiff U.W.'s severe emotional distress.

638. As a direct and proximate result of Defendant Jean Riegelman's conduct, Plaintiff U.W. suffered fear, humiliation, emotional distress, anxiety, and other injuries.

WHEREFORE, Plaintiff Angelica Wells, as Mother and Next Friend of MINOR U.W., demands judgment against Defendant Jean Riegelman for compensatory damages, costs, and all other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues and against all Defendants.

Respectfully submitted,

*/s/ Kasey L. Edwards*
Kasey L. Edwards
Gilman & Edwards
Attorney for Plaintiffs

Kasey L. Edwards
**Gilman & Edwards, LLC**
8401 Corporate Drive #240
Hyattsville, Maryland 20785
301-731-3303 Telephone
301-731-3072 Facsimile
kedwards@gilmanedwards.com

Richard L. Gilman
**Gilman & Edwards, LLC**
8401 Corporate Drive #240
Hyattsville, Maryland 20785
301-731-3303 Telephone
301-731-3072 Facsimile
rgilman@gilmanedwards.com

Keenan J. Saulter
**Saulter Law P.C.**
20200 Governor's Drive, Suite 223
Olympia Fields, Illinois 60461
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com