**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

LAUREN PRICE,
212 Oakwood Street SE, Apt. B5,
Washington, DC 20032,

ANTONIO PRICE,
212 Oakwood Street SE, Apt. B5,
Washington, DC 20032,

Individually and as Parents and Next Friends of E.P. and E.P., minors,

KEVIN WHITAKER,
7230 Easy Street,
Camp Springs, MD 20748,

ASHTYN WHITAKER,
34 R Street NW,
Washington, DC 20001,

Individually and as Parent and Next Friend of A.L., a minor,

DANETTE LEWIS WILLIAMS,
711 Limertown Road,
Warrenton, NC 27589,

SYDNEY M. LEWIS,
2404 Gerard Court,
Bryans Road, MD 20616,

Individually and as Parent and Next Friend of J.S.B.,
JR., A.M.B., and N.Q.L., minors,

ALEISHA MARSHALL,
9007 Hunt Meadow Lane,
Upper Marlboro, MD 20772,

Individually and as Parent and Next Friend of J.M., a minor,

| | | |
|---|---|---|
| ANGELICA WELLS,<br>16702 Bealle Hill Forrest Lane,<br>Accokeek, MD 20607,<br><br>Individually and as Parent and Next<br>Friend of U.W., a minor,<br><br>and<br><br>STEPHANIE PRICE,<br>6111 Southgate Drive,<br>Temple Hills, MD 20748<br><br>Plaintiffs,<br><br>-vs-<br><br>SUN COUNTRY AIRLINES and<br>JEAN RIEGELMAN<br>850 New Burton Road, Suite 201<br>Dover, Kent County, DE 19904<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 8:26-cv-03502-TDC |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES Plaintiffs LAUREN PRICE, ANTONIO PRICE, Individually and as Parents and Next Friends of E.P. and E.P., minors, KEVIN WHITAKER, ASHTYN WHITAKER, Individually and as Parents and Next Friends of A.L., a minor, DANETTE LEWIS WILLIAMS, SYDNEY M. LEWIS, Individually and as Parent and Next Friend of J.S.B., JR., A.M.B., and N.Q.L., minors, ALEISHA MARSHALL, Individually and as Parent and Next Friend of J.M., a minor, ANGELICA WELLS, Individually and as Parent and Next Friend of U.W., a minor, and STEPHANIE PRICE, by and through their attorneys, KEENAN J. SAULTER, of SAULTER LAW, P.C. and KASEY L. EDWARDS of GILMAN & EDWARDS, for their First Amended

Complaint against Defendants SUN COUNTRY AIRLINES and JEAN RIEGELMAN, state as follows:

**JURISDICTIONAL STATEMENT**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 because Plaintiffs assert claims arising under 42 U.S.C. §1981, which guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens.

2. This Court also has supplemental jurisdiction over Plaintiffs' claims arising under Maryland law pursuant to 28 U.S.C. § 1367, because those claims arise from the same transactions, occurrences, and conduct that give rise to Plaintiffs' federal claims.

3. Plaintiffs' claims arise from Defendants' discriminatory treatment of Plaintiffs during and in connection with interstate air transportation aboard Sun Country Airlines Flight 193 from Baltimore/Washington International Thurgood Marshall Airport ("BWI") to Minneapolis-Saint Paul International Airport and the return flight to BWI.

**VENUE**

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the District of Maryland, including at Baltimore/Washington International Thurgood Marshall Airport ("BWI") in Anne Arundel County, Maryland.

5. Venue is further proper because a majority of the Plaintiffs reside within this District and Defendants conduct substantial business within this District.

6. Venue is independently proper under 28 U.S.C. § 1391(b)(1) because Defendant Sun Country Airlines is subject to personal jurisdiction with respect to this action in the District of Maryland, and therefore "resides" in this District within the meaning of 28 U.S.C. § 1391(c)(2), by virtue of its regularly scheduled commercial air service to and from BWI and its ongoing solicitation and sale of tickets to Maryland residents, including Plaintiffs.

7. The contractual relationship at issue in this action was formed in, and the interstate air transportation purchased by Plaintiffs originated from and was scheduled to terminate at, this District, in that the round-trip itinerary at issue was booked from Maryland and Flight 193 was scheduled to return Plaintiffs to BWI in Anne Arundel County, Maryland.

8. Defendant Sun Country Airlines purposefully avails itself of the privilege of conducting business in Maryland by operating regularly scheduled commercial flights to and from BWI and marketing and selling air transportation to Maryland residents, and Plaintiffs' claims arise directly out of that Maryland-connected business, such that the exercise of personal jurisdiction over Defendant Sun Country Airlines in this District comports with due process.

9. The majority of Plaintiffs are residents of the State of Maryland, and the injuries and damages alleged herein, including economic losses, emotional distress, and disruption of Plaintiffs' return home, were suffered by Plaintiffs within this District.

10. The conduct giving rise to this action is also the subject of a pending criminal proceeding against Defendant JEAN RIEGELMAN in the District Court of Maryland, Case No. D07CR26000410, following investigation by the Maryland Transportation Authority Police under Case No. 26B000481, further supporting this District as the appropriate forum for the related civil claims arising from the same conduct.

**PARTIES**

11. Plaintiff LAUREN PRICE is an adult resident of the District of Columbia, and her address is 212 Oakwood Street SE, Apt. B5, Washington, DC 20032 and she was a passenger on Sun Country Airlines Flight 193 at issue in this action.

12. Plaintiff ANTONIO PRICE is an adult resident of the District of Columbia, and his address is 212 Oakwood Street SE, Apt. B5, Washington, DC 20032 and he was a passenger on Sun Country Airlines Flight 193 at issue in this action.

13. Plaintiff E.P., whose date of birth is May 29, 2016, is a minor and is represented in this action by her Parents and Next Friends, LAUREN PRICE and ANTONIO PRICE and their address is 212 Oakwood Street SE, Apt. B5, Washington, DC 20032 and they were a passenger on Sun Country Airlines Flight 193 at issue in this action.

14. Plaintiff E.P., whose date of birth is April 6, 2018, is a minor and is represented in this action by her Parents and Next Friends, LAUREN PRICE and ANTONIO PRICE and their address is 212 Oakwood Street SE, Apt. B5, Washington,

DC 20032 and they were a passenger on Sun Country Airlines Flight 193 at issue in this action.

15. Plaintiff KEVIN WHITAKER is an adult resident of Prince George's County in the State of Maryland, and his address is 7230 Easy Street, Camp Springs, MD 20748 and he was a passenger on Sun Country Airlines Flight 193 at issue in this action.

16. Plaintiff ASHTYN WHITAKER is an adult resident of the District of Columbia, and her address is 34 R Street NW Washington, DC 20001 and she was a passenger on Sun Country Airlines Flight 193 at issue in this action.

17. Plaintiff A.L., whose date of birth is November 20, 2020, is a minor and is represented in this action by her Parent and Next Friend, Ashtyn Whitaker and their address is 34 R Street NW Washington, DC 20001 and she was a passenger on Sun Country Airlines Flight 193 at issue in this action.

18. Plaintiff DANETTE LEWIS WILLIAMS is an adult resident of Warren County in the state of North Carolina, and her address is 711 Limertown Road, Warrenton, NC 27589 and she was a passenger on Sun Country Airlines Flight 193.

19. Plaintiff SYDNEY M. LEWIS is an adult resident of Charles County in the state of Maryland, and her address is 2404 Gerard Court, Bryans Road, MD 20616 and she was a passenger on Sun Country Airlines Flight 193.

20. Plaintiff J.S.B., Jr., whose date of birth is March 27, 2012, is a minor and is represented in this action by his Parent and Next Friend, SYDNEY M. LEWIS, they are a resident of Charles County in the state of Maryland and their address is

2404 Gerard Court, Bryans Road, MD 20616 and they were a passenger on Sun Country Airlines Flight 193.

21. Plaintiff A.M.B., whose date of birth is June 28, 2015, is a minor and is represented in this action by his Parent and Next Friend, SYDNEY M. LEWIS, they are a resident of Charles County in the state of Maryland and their address is 2404 Gerard Court, Bryans Road, MD 20616 and they were a passenger on Sun Country Airlines Flight 193.

22. Plaintiff N.Q.L., whose date of birth is August 1, 2018, is a minor and is represented in this action by his Parent and Next Friend, SYDNEY M. LEWIS, they are a resident of Charles County in the state of Maryland and their address is 2404 Gerard Court, Bryans Road, MD 20616 and they were a passenger on Sun Country Airlines Flight 193.

23. Plaintiff ALEISHA MARSHALL is an adult resident of Prince George's County in the State of Maryland, and her address is 9007 Hunt Meadow Lane, Upper Marlboro, MD 20772 and she was a passenger on Sun Country Airlines Flight 193.

24. Plaintiff J.M., whose date of birth is April 26, 2015, is a minor and is represented in this action by their Parent and Next Friend, Aleisha Marshall resident of Prince George's County in the State of Maryland, and her address is 9007 Hunt Meadow Lane, Upper Marlboro, MD 20772 and she was a passenger on Sun Country Airlines Flight 193.

25. Plaintiff ANGELICA WELLS is an adult resident of Prince George's County in the State of Maryland and her address is 16702 Bealle Hill Forrest Lane

Accokeek, Maryland 20607 and she was a passenger on Sun Country Airlines Flight 193.

26. Plaintiff U.W., whose date of birth is January 20, 2015, is a minor and is represented in this action by their Parent and Next Friend, Angelica Wells and they are a resident of Prince George's County in the State of Maryland and her address is 16702 Bealle Hill Forrest Lane Accokeek, Maryland 20607 and she was a passenger on Sun Country Airlines Flight 193.

27. Plaintiff STEPHANIE PRICE is an adult resident of the Prince George's County in the State of Maryland and her address is 6111 Southgate Drive, Temple Hills, MD 20748 and was a passenger associated with the traveling party on Sun Country Airlines Flight 193.

28. Plaintiffs LAUREN PRICE, ANTONIO PRICE, KEVIN WHITAKER, ASHTYN WHITAKER, DANETTE LEWIS WILLIAMS, STEPHANIE PRICE, E.P. (DOB May 29, 2016), E.P. (DOB April 6, 2018), A.L., J.S.B., Jr., A.M.B., N.Q.L., J.M., and U.W. are referred to collectively herein as "Plaintiffs." Each minor Plaintiff brings this action by and through his or her Parent(s) and Next Friend(s) as identified above, and each such Parent and Next Friend is named herein solely in that representative capacity.

29. Defendant SUN COUNTRY AIRLINES is an air carrier that provides interstate air transportation services to passengers, including transportation to and from Baltimore/Washington International Thurgood Marshall Airport ("BWI") in Maryland. Sun Country Airlines is subject to federal laws governing nondiscrimination in air transportation, including 42 U.S.C. § 1981.

30. Defendant JEAN RIEGELMAN was, upon information and belief, a flight attendant employed by or acting as an agent and/or representative of Sun Country Airlines and was acting within the scope of her employment and/or agency at all relevant times.

**<u>COMMON FACTUAL ALLEGATIONS</u>**

31. On or about August 3, 2026, Plaintiffs were scheduled passengers aboard Sun Country Airlines Flight 193 traveling from Minneapolis-Saint Paul International Airport ("MSP") to Baltimore/Washington International Airport ("BWI").

32. Plaintiffs are all African American.

33. Plaintiffs had purchased tickets and entered a contractual relationship with Sun Country Airlines for interstate transportation.

34. Plaintiffs were entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of that contractual relationship.

35. Plaintiffs had traveled to Minnesota to participate in the Junior Olympics girls' flag football tournament.

36. Plaintiff LAUREN PRICE is the founder and coach of a youth girls' flag football program and coordinated group travel arrangements for nineteen (19) individuals.

37. Plaintiffs and the minor children traveling with them were returning home to Maryland following completion of the tournament.

38. Two members of the travel group ultimately did not make the trip to Minnesota and therefore did not occupy the seats assigned to them on the return flight.

39. During the outbound flight from Maryland to Minnesota, Sun Country personnel permitted members of Plaintiffs' group to utilize those otherwise vacant seats so that children could sit together with family members and teammates.

40. Plaintiffs reasonably understood that the seats assigned to the absent travelers would remain unoccupied during the return flight.

41. As the boarding of Flight 193 was nearing completion, Defendant JEAN RIEGELMAN approached the rear portion of the aircraft.

42. At that time, LAUREN PRICE was seated in an otherwise vacant seat assigned to a member of her reservation group who had not traveled on the trip.

43. The seat occupied by LAUREN PRICE was located only approximately one row away from her assigned seat.

44. Defendant RIEGELMAN began addressing Plaintiffs and members of their travel group in an aggressive, hostile, and confrontational manner.

45. Defendant RIEGELMAN stated words to the effect of, “You people are in the wrong seats.”

46. Plaintiffs reasonably understood the repeated use of the phrase “you people” to be demeaning, racially charged, and directed toward them because they are African American.

47. Multiple members of the traveling group independently reported hearing Defendant RIEGELMAN use the phrase “you people” during the incident.

48. Defendant RIEGELMAN further stated words to the effect of, "If you people would learn to sit in your seats, we would be able to push back," and accused Plaintiffs of delaying the departure of approximately 186 passengers.

49. LAUREN PRICE immediately stood and began returning to her assigned seat.

50. LAUREN PRICE advised Defendant RIEGELMAN that she had heard the instruction the first time and that there was no need to address her in such a disrespectful manner.

51. Defendant RIEGELMAN responded by stating words to the effect that she could say whatever she wanted and could say it as many times as she wished.

52. During the encounter, LAUREN PRICE spoke with another Sun Country flight attendant identified as "Sheila."

53. Sheila acknowledged that Defendant RIEGELMAN's tone and manner of speaking were inappropriate.

54. Sheila apologized to LAUREN PRICE for Defendant RIEGELMAN's conduct.

55. Sheila further explained that Defendant RIEGELMAN had recently been designated the lead flight attendant for the flight, was upset, and was under stress.

56. LAUREN PRICE responded that Defendant RIEGELMAN's personal frustrations did not justify the manner in which she was treating passengers.

57. Despite LAUREN PRICE's compliance, Defendant RIEGELMAN continued berating and confronting her.

58. Plaintiff KEVIN WHITAKER observed the interaction.

59. Concerned by Defendant RIEGELMAN's treatment of LAUREN PRICE, KEVIN WHITAKERinstructed Defendant RIEGELMAN not to speak to LAUREN PRICE in such a disrespectful manner.

60. Defendant RIEGELMAN responded that she could speak to Plaintiffs however she wanted.

61. Defendant RIEGELMAN then announced that she was removing two people from the aircraft.

62. Defendant RIEGELMAN identified LAUREN PRICE and KEVIN WHITAKER as the passengers she intended to remove.

63. At approximately the same time, Sheila reassured LAUREN PRICE that she had done nothing wrong and instructed her to return to her assigned seat.

64. Shortly thereafter, Sun Country personnel and/or airport security personnel boarded the aircraft.

65. LAUREN PRICE and KEVIN WHITAKER were advised that they had less than one minute to leave the aircraft or law enforcement would be summoned.

66. LAUREN PRICE and KEVIN WHITAKER complied.

67. Plaintiffs had not threatened anyone.

68. Plaintiffs had not engaged in violence.

69. Plaintiffs were nevertheless removed from the aircraft.

70. After their removal, Plaintiffs LAUREN PRICE and KEVIN WHITAKER attempted to obtain alternative transportation home.

71. Sun Country personnel informed Plaintiffs that the next available Sun Country flight was not scheduled to depart until several days later.

72. Plaintiffs were forced to purchase alternative transportation at their own expense.

73. LAUREN PRICE incurred approximately Five Hundred Dollars ($500.00) in replacement airfare costs.

74. KEVIN WHITAKER incurred approximately Five Hundred Dollars ($500.00) in replacement airfare costs.

75. Immediately following the incident, LAUREN PRICE submitted a formal complaint to Sun Country Airlines.

76. Numerous minor children witnessed the confrontation.

77. Several minor children observed LAUREN PRICE and KEVIN WHITAKER being removed.

78. The children became upset, frightened, and emotional.

79. One child experienced what family members described as a panic attack.

80. Other children cried and became distressed.

81. Two flight attendants were reportedly so concerned about the children that they purchased snack packs using their own personal funds.

82. Plaintiff ASHTYN WHITAKER remained aboard the aircraft following the removal of LAUREN PRICE and Kevin Whitaker.

83. After witnessing the incident, ASHTYN WHITAKER attempted to photograph Defendant RIEGELMAN in order to document the identity of the flight attendant involved.

84. ASHTYN WHITAKER held a cellular telephone in her hand while attempting to obtain the photograph.

85. Defendant RIEGELMAN intentionally lunged toward and attempted to strike the cellular telephone from Ashtyn Whitaker's hand.

86. In doing so, Defendant RIEGELMAN made physical contact with Ashtyn Whitaker's hand and arm.

87. The physical contact was intentional, offensive, and without consent.

88. The encounter was captured on video.

89. ASHTYN WHITAKER subsequently provided the video to law-enforcement authorities.

90. Law-enforcement authorities reviewed the video evidence.

91. Criminal charges for Second-Degree Assault were subsequently initiated against Defendant RIEGELMAN.

92. As a direct and proximate result of Defendant RIEGELMAN's actions, ASHTYN WHITAKER suffered fear, humiliation, embarrassment, emotional distress, and other damages.

93. Sun Country assigned Complaint Number 00154322 to LAUREN PRICE's complaint.

94. LAUREN PRICE also submitted a complaint to the United States Department of Transportation, which was assigned Case Number 2026081452775.

95. Plaintiff ASHTYN WHITAKER likewise submitted a complaint to Sun Country Airlines, which was assigned Complaint Number 00154387.

96. ASHTYN WHITAKER also submitted a complaint to the United States Department of Transportation, which was assigned Case Number 01452765.

97. Plaintiff Danette Lewis Williams submitted a separate complaint to Sun Country Airlines concerning the events aboard Flight 193 and was assigned Complaint Number 00154312.

98. ASHTYN WHITAKER reported Defendant RIEGELMAN's physical conduct to law enforcement authorities.

99. The incident was investigated by the Maryland Transportation Authority Police under Case Number 26B000481.

100. Criminal proceedings relating to the incident were subsequently initiated in the District Court of Maryland under Case Number D07CR26000410.

101. Following the incident, LAUREN PRICE publicly described the events on social media.

102. LAUREN PRICE's posts generated substantial public attention and received millions of views and impressions.

103. As a result of the publicity, Plaintiffs were contacted by numerous individuals claiming to have witnessed or experienced similar conduct involving Defendant RIEGELMAN and/or Sun Country personnel.

104. Upon information and belief, additional witnesses possess information relevant to the events alleged herein.

105. Following widespread public attention concerning the incident, a representative of Sun Country Airlines contacted LAUREN PRICE.

106. The representative identified himself as Kyle and stated that Sun Country was conducting an investigation concerning the incident.

107. The representative apologized to LAUREN PRICE and advised that Sun Country had initiated a review of the events surrounding Flight 193.

108. Upon information and belief, Sun Country's investigation was initiated only after the incident gained substantial public attention.

109. Plaintiffs contend that Defendants' conduct was intentional, reckless, willful, wanton, and undertaken with conscious disregard for Plaintiffs' rights, dignity, and emotional well-being.

110. The minor Plaintiffs, E.P. (DOB: May 29, 2016); E.P. (DOB: April 6, 2018); A.L. (DOB: November 20, 2020); J.S.B., Jr. (DOB: March 27, 2012); A.M.B. (DOB: June 28, 2015); N.Q.L. (DOB: August 1, 2018); J.M. (DOB: April 26, 2015); and U.W. (DOB: January 20, 2015), were passengers traveling with the group aboard Sun Country Airlines Flight 193 and were affected by the events described herein.

111. As a direct and proximate result of Defendants' actions, Plaintiffs suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, economic losses, and other damages.

## COUNT 1
## VIOLATION OF 42 U.S.C. § 1981
## (ALL PLAINTIFFS AGAINST SUN COUNTRY AIRLINES)

112. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 111 of this Complaint as though fully set forth herein.

113. Plaintiffs are African American individuals and are therefore members of a protected class.

114. Plaintiffs entered into a contractual relationship with Defendant Sun Country Airlines through the purchase and use of airline transportation services, and the minor Plaintiffs were beneficiaries of the contractual relationships between their respective Parents and Next Friends and Defendant Sun Country Airlines.

115. Plaintiffs were entitled to the full and equal enjoyment of the benefits, privileges, terms, and conditions of their contractual relationships with Defendant Sun Country Airlines.

116. Defendant Sun Country Airlines, through its employees, agents, and representatives, subjected Plaintiffs to discriminatory treatment on the basis of race, including by directing hostile and racially charged remarks at Plaintiffs.

117. Defendant Sun Country Airlines, acting through Defendant JEAN RIEGELMAN and other employees, interfered with Plaintiffs' enjoyment of the benefits, privileges, terms, and conditions of their contractual relationships.

118. Defendant Sun Country Airlines removed Plaintiffs LAUREN PRICE and KEVIN WHITAKER from Flight 193 despite their compliance with instructions and despite the absence of any legitimate safety justification; the remaining Plaintiffs witnessed, or were otherwise made aware of, that removal and Defendant RIEGELMAN's hostile treatment of their traveling party.

119. Upon information and belief, Defendant Sun Country Airlines treated Plaintiffs differently than similarly situated non-African American passengers.

120. Defendant Sun Country Airlines' actions were intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiffs' federally protected rights.

121. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiffs suffered humiliation, embarrassment, emotional distress, fear, anxiety, economic damages, and other injuries.

122. Defendant Sun Country Airlines is also an "air carrier" subject to the independent, air-carrier-specific nondiscrimination duty imposed by 49 U.S.C. § 40127, which provides that "An air carrier… may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." Defendant Sun Country Airlines' conduct alleged herein, including its treatment of Plaintiffs and its removal of LAUREN PRICE and KEVIN WHITAKER from Flight 193, violated this federal statutory duty as well as 42 U.S.C. § 1981.

123. This violation of 49 U.S.C. § 40127 reinforces and is coextensive with Defendant Sun Country Airlines' liability under 42 U.S.C. § 1981, and is further evidenced by the complaints filed with the United States Department of Transportation by LAUREN PRICE (Case No. 2026081452775) and ASHTYN WHITAKER(Case No. 01452765) arising from this same incident; to the extent 49 U.S.C. § 40127 does not itself afford an implied private right of action, Plaintiffs incorporate this violation as additional evidence of Defendant's discriminatory intent and duty supporting Plaintiffs' claims under 42 U.S.C. § 1981.

**WHEREFORE** Plaintiffs demand judgment against Defendant Sun Country Airlines as follows: (a) Plaintiff LAUREN PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (b) Plaintiff ANTONIO PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (c) Plaintiff KEVIN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (d) Plaintiff ASHTYN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (e) Plaintiff DANETTE LEWIS WILLIAMS, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (f) Plaintiff STEPHANIE PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (g) Plaintiff E.P. (DOB May 29, 2016), for compensatory damages, attorneys' fees where permitted by law, and costs; (h) Plaintiff E.P. (DOB April 6, 2018), for compensatory damages, attorneys' fees where permitted by law, and costs; (i) Plaintiff A.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (j) Plaintiff J.S.B., Jr., for compensatory damages, attorneys' fees where permitted by law, and costs; (k) Plaintiff A.M.B., for compensatory damages, attorneys' fees where permitted by law, and costs; (l) Plaintiff N.Q.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (m) Plaintiff J.M., for compensatory damages, attorneys' fees where permitted by law, and costs; (n) Plaintiff U.W., for compensatory damages, attorneys' fees where permitted by law, and costs; and (o) for all other relief this Court deems just and proper.

**COUNT 2**

**VIOLATION OF 42 U.S.C. § 1981**
**(ALL PLAINTIFFS AGAINST JEAN RIEGELMAN)**

124. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 123 of this Complaint as though fully set forth herein.

125. Plaintiffs are African American individuals and are therefore members of a protected class.

126. Defendant JEAN RIEGELMAN personally participated in the events giving rise to this action.

127. Defendant JEAN RIEGELMAN repeatedly referred to Plaintiffs and their traveling group as "***YOU PEOPLE***."

128. Defendant JEAN RIEGELMAN berated, humiliated, and singled out Plaintiffs in the presence of passengers, family members, and minor children.

129. Defendant JEAN RIEGELMAN personally directed the removal of Plaintiffs LAUREN PRICE and KEVIN WHITAKER from Flight 193, and the remaining Plaintiffs witnessed, or were otherwise made aware of, that removal and Defendant RIEGELMAN's hostile conduct toward their traveling party.

130. Defendant JEAN RIEGELMAN intentionally interfered with Plaintiffs' enjoyment of the benefits, privileges, terms, and conditions of their contractual relationships with Sun Country Airlines.

131. Upon information and belief, Defendant JEAN RIEGELMAN's actions were motivated in whole or in part by Plaintiffs' race and/or ethnic background.

132. Defendant JEAN RIEGELMAN's conduct was intentional, malicious, reckless, and undertaken with conscious disregard for Plaintiffs' federally protected rights.

133. As a direct and proximate result of Defendant JEAN RIEGELMAN's conduct, Plaintiffs suffered humiliation, embarrassment, emotional distress, fear, anxiety, economic damages, and other injuries.

**WHEREFORE** Plaintiffs demand judgment against Defendant Sun Country Airlines as follows: (a) Plaintiff LAUREN PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (b) Plaintiff ANTONIO PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (c) Plaintiff KEVIN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (d) Plaintiff ASHTYN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (e) Plaintiff DANETTE LEWIS WILLIAMS, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (f) Plaintiff STEPHANIE PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (g) Plaintiff E.P. (DOB May 29, 2016), for compensatory damages, attorneys' fees where permitted by law, and costs; (h) Plaintiff E.P. (DOB April 6, 2018), for compensatory damages, attorneys' fees where permitted by law, and costs; (i) Plaintiff A.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (j) Plaintiff J.S.B., Jr., for compensatory damages, attorneys' fees where permitted by law, and costs; (k) Plaintiff A.M.B., for compensatory damages, attorneys' fees

where permitted by law, and costs; (l) Plaintiff N.Q.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (m) Plaintiff J.M., for compensatory damages, attorneys' fees where permitted by law, and costs; (n) Plaintiff U.W., for compensatory damages, attorneys' fees where permitted by law, and costs; and (o) for all other relief this Court deems just and proper.

## COUNT 3
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL PLAINTIFFS AGAINST SUN COUNTRY AIRLINES)

134. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 133 of this Complaint as though fully set forth herein.

135. Defendant Sun Country Airlines, acting through its employees and agents, engaged in intentional and/or reckless conduct.

136. The conduct of Defendant Sun Country Airlines was extreme and outrageous and exceeded all bounds tolerated by a civilized society.

137. Defendant Sun Country Airlines, through its employees and agents, publicly humiliated Plaintiffs, subjected Plaintiffs to discriminatory treatment, and removed Plaintiffs LAUREN PRICE and KEVIN WHITAKER from Flight 193 in the presence of family members, minor children, and numerous passengers.

138. Defendant Sun Country Airlines knew or should have known that its conduct would cause Plaintiffs severe emotional distress.

139. Defendant Sun Country Airlines' conduct caused Plaintiffs severe emotional distress.

140. As a direct and proximate result of Defendant Sun Country Airlines' conduct, Plaintiffs suffered emotional distress, humiliation, embarrassment, anxiety, fear, inconvenience, economic damages, and other injuries.

**WHEREFORE** Plaintiffs demand judgment against Defendant Sun Country Airlines as follows: (a) Plaintiff LAUREN PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (b) Plaintiff ANTONIO PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (c) Plaintiff KEVIN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (d) Plaintiff ASHTYN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (e) Plaintiff DANETTE LEWIS WILLIAMS, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (f) Plaintiff STEPHANIE PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (g) Plaintiff E.P. (DOB May 29, 2016), for compensatory damages, attorneys' fees where permitted by law, and costs; (h) Plaintiff E.P. (DOB April 6, 2018), for compensatory damages, attorneys' fees where permitted by law, and costs; (i) Plaintiff A.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (j) Plaintiff J.S.B., Jr., for compensatory damages, attorneys' fees where permitted by law, and costs; (k) Plaintiff A.M.B., for compensatory damages, attorneys' fees where permitted by law, and costs; (l) Plaintiff N.Q.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (m) Plaintiff J.M., for compensatory damages, attorneys' fees where permitted by law, and costs; (n)

Plaintiff U.W., for compensatory damages, attorneys' fees where permitted by law, and costs; and (o) for all other relief this Court deems just and proper.

**COUNT 4**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(ALL PLAINTIFFS AGAINST JEAN RIEGELMAN)**

141. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 140 of this Complaint as though fully set forth herein.

142. Defendant JEAN RIEGELMAN engaged in intentional and/or reckless conduct.

143. Defendant JEAN RIEGELMAN's conduct was extreme and outrageous.

144. Defendant JEAN RIEGELMAN repeatedly berated Plaintiffs, referred to Plaintiffs and their traveling group as "you people," publicly humiliated Plaintiffs, and personally directed the removal of Plaintiffs LAUREN PRICE and KEVIN WHITAKER from Flight 193.

145. Defendant JEAN RIEGELMAN knew or should have known that her conduct would cause Plaintiffs severe emotional distress.

146. Defendant JEAN RIEGELMAN's conduct was a direct and proximate cause of Plaintiffs' severe emotional distress.

147. As a direct and proximate result of Defendant JEAN RIEGELMAN's conduct, Plaintiffs suffered humiliation, embarrassment, emotional distress, anxiety, fear, economic damages, and other injuries.

**WHEREFORE** Plaintiffs demand judgment against Defendant Sun Country Airlines as follows: (a) Plaintiff LAUREN PRICE, for compensatory damages,

punitive damages where permitted by law, attorneys' fees, and costs; (b) Plaintiff ANTONIO PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (c) Plaintiff KEVIN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (d) Plaintiff ASHTYN WHITAKER, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (e) Plaintiff DANETTE LEWIS WILLIAMS, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (f) Plaintiff STEPHANIE PRICE, for compensatory damages, punitive damages where permitted by law, attorneys' fees, and costs; (g) Plaintiff E.P. (DOB May 29, 2016), for compensatory damages, attorneys' fees where permitted by law, and costs; (h) Plaintiff E.P. (DOB April 6, 2018), for compensatory damages, attorneys' fees where permitted by law, and costs; (i) Plaintiff A.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (j) Plaintiff J.S.B., Jr., for compensatory damages, attorneys' fees where permitted by law, and costs; (k) Plaintiff A.M.B., for compensatory damages, attorneys' fees where permitted by law, and costs; (l) Plaintiff N.Q.L., for compensatory damages, attorneys' fees where permitted by law, and costs; (m) Plaintiff J.M., for compensatory damages, attorneys' fees where permitted by law, and costs; (n) Plaintiff U.W., for compensatory damages, attorneys' fees where permitted by law, and costs; and (o) for all other relief this Court deems just and proper.

## COUNT 5
## ASSAULT
## (ASHTYN WHITAKER AGAINST JEAN RIEGELMAN)

148. Plaintiff ASHTYN WHITAKER re-alleges and incorporates by reference Paragraphs 1 through 147 of this Complaint as though fully set forth herein.

149. Plaintiff ASHTYN WHITAKER attempted to photograph Defendant JEAN RIEGELMAN in order to document the identity of the flight attendant involved in the events described herein.

150. While Plaintiff ASHTYN WHITAKER held her cellular telephone, Defendant JEAN RIEGELMAN intentionally lunged toward Plaintiff in an aggressive manner.

151. Defendant JEAN RIEGELMAN attempted to strike the cellular telephone from Plaintiff Ashtyn Whitaker's hand.

152. Defendant JEAN RIEGELMAN's actions created in Plaintiff ASHTYN WHITAKER a reasonable apprehension of imminent harmful and/or offensive physical contact.

153. Plaintiff ASHTYN WHITAKER did not consent to Defendant JEAN RIEGELMAN's actions.

154. Defendant JEAN RIEGELMAN acted intentionally, maliciously, and without legal justification.

155. As a direct and proximate result of Defendant JEAN RIEGELMAN's conduct, Plaintiff ASHTYN WHITAKER suffered fear, humiliation, emotional distress, and other damages.

WHEREFORE, Plaintiff ASHTYN WHITAKER demands judgment against Defendant JEAN RIEGELMAN for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

**COUNT 6**
**BATTERY**
**(ASHTYN WHITAKERAGAINST JEAN RIEGELMAN)**

156. Plaintiff ASHTYN WHITAKER re-alleges and incorporates by reference Paragraphs 1 through 155 of this Complaint as though fully set forth herein.

157. Defendant JEAN RIEGELMAN intentionally lunged toward Plaintiff ASHTYN WHITAKER and attempted to strike the cellular telephone from her hand.

158. In doing so, Defendant JEAN RIEGELMAN made physical contact with Plaintiff Ashtyn Whitaker's hand and arm.

159. The physical contact was intentional, harmful and/or offensive, and occurred without Plaintiff Ashtyn Whitaker's consent.

160. Defendant JEAN RIEGELMAN had no legal privilege or justification to make such contact.

161. Defendant JEAN RIEGELMAN acted intentionally, maliciously, and with conscious disregard for Plaintiff Ashtyn Whitaker's rights.

162. As a direct and proximate result of Defendant JEAN RIEGELMAN's conduct, Plaintiff ASHTYN WHITAKER suffered physical contact, fear, humiliation, emotional distress, embarrassment, and other damages.

WHEREFORE, Plaintiff ASHTYN WHITAKER demands judgment against Defendant JEAN RIEGELMAN for compensatory damages, punitive damages, costs, and all other relief this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues and against all Defendants.

Respectfully submitted,

*s/ Kasey L. Edwards*

Attorney for Plaintiffs

Kasey L. Edwards
Federal Bar Number 14572
**Gilman & Edwards, LLC**
8401 Corporate Drive #240
Hyattsville, Maryland 20785
301-731-3303 Telephone
301-731-3072 Facsimile
kedwards@gilmanedwards.com

Richard L. Gilman
Federal Bar Number 10231
**Gilman & Edwards, LLC**
8401 Corporate Drive #240
Hyattsville, Maryland 20785
301-731-3303 Telephone
301-731-3072 Facsimile
rgilman@gilmanedwards.com

Keenan J. Saulter[1]
**Saulter Law P.C.**
20200 Governor's Drive, Suite 223
Olympia Fields, Illinois 60461
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com

[1] Attorney Saulter has been admitted to the Bar for the District of Maryland and has been Sworn in as of September 18, 2026; however he has not yet received his Federal Bar Number from the Clerk's Office yet.